[Docket No. 5]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

HECTOR L. HUERTAS,

      Plaintiff, pro se

v.

CERTIFIED CREDIT & COLLECTION BUREAU,

      Defendant.

Civil No. 08-1996 (RMB)

**OPINION AND ORDER**

    This matter comes before the Court upon Plaintiff Hector L. Huertas' motion for reconsideration of the Court's ruling of April 25, 2008 [Dkt. No. 2]. In its Order, the Court ordered that Plaintiff, appearing pro se, file an amended complaint alleging only his individual claims. The Court found that Plaintiff could not maintain the action as a class action. The Order, however, was without prejudice as to the right of Plaintiff to seek the appointment of counsel or to retain counsel. Plaintiff now brings a motion pursuant to Local Rule 7.1(i) seeking reconsideration of the Court's Order.

    Local Civil Rule 7.1(i) governs motions for reconsideration. See Bowers v. National Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The Local Rule specifies that a motion

for reconsideration must be filed within 10 days after the entry of the order or judgment challenged.  Plaintiff's motion is timely.

The Local Rule specifies that a separate brief shall be filed "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  L. Civ. R. 7.1(i).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  The court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law."  See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).  Again, however, "the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reargument, particularly if the evidence may lead to a different result."  Former L. Civ. R.

7.1 cmt. 6.f.  With these standards in mind, the Court will now turn to Plaintiff's motion for reconsideration.

Plaintiff argues that this Court overlooked controlling law. Specifically, he contends that the Court erroneously ruled that he was similarly situated to a prisoner and, thus, could not bring a class action.  This Court finds that Plaintiff misreads the Court's Order.  The Court held that Plaintiff, a non-lawyer, appearing pro se, could not represent others.  The law is well-established that a layperson cannot ordinarily represent the interest of a class.  See, e.g., Ransom v. U.S. Postal Service, 170 Fed. Appx. 525, 528 (10th Cir. 2006) (dismissing class complaint "because a pro se cannot litigate on behalf of a class"); Lescs v. Martinsburg Police Department, 138 Fed. Appx. 562, 564 (4th Cir. 2005) ("it is plain error to certify a class when a pro se litigant seeks to represent the class"); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (pro se plaintiff "has no authority to appear as an attorney for others than himself").  "A litigant may bring [his] own claims to federal court without counsel, but not the claims of others." Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).

The rule against pro se representation of others exists because "[g]enerally, a non-lawyer does not possess sufficient legal training or skills to represent others in class

3

litigation." <u>Ransom</u>, 170 Fed. Appx. at 52-29. This rule is "particularly important in class actions because class litigation must comply with the complex and demanding requirements of Rule 23 of the Federal Rules of Civil Procedure. Indeed, Rule 23(g) requires appointment of class counsel, unless otherwise provided by statute." <u>Id.</u> at 530. In addition, the rule becomes even more compelling in cases such as this one, where the Plaintiff has been permitted to proceed <u>in forma pauperis</u> and does not have the financial capacity to conduct the litigation. <u>See id.</u> (noting that pro se plaintiff "is unlikely to be able to demonstrate the financial capacity to conduct the litigation") (quoting 6A Federal Procedure, Lawyers Edition § 12:148 at 213-14 (2004)) (internal quotations omitted).

Accordingly, this Court sees no reason to reconsider its prior Order. Plaintiff's motion is therefore **DENIED**. The Court notes, however, that the Plaintiff is not precluded from seeking the appointment of counsel or retaining counsel, as the Court stated in its prior Order.

Plaintiff also seeks permission to appeal the Court's Order pursuant to 28. U.S.C. § 1292(b). Because this matter does not involve a controlling question of law as to which there is substantial grounds for difference of opinion, nor would an immediate appeal from the Order materially advance the ultimate determination of the litigation, Plaintiff's request is **DENIED.**

Dated:  May 20, 2008               s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge